IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY ANDREWS, # B25116, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00593-JPG |
| | ) |
| STATE OF ILLINOIS, | ) |
| SHERIFF OF BOND COUNTY, | ) |
| CHIEF DEPUTY SHERIFF, | ) |
| BOND COUNTY, ILLINOIS, and | ) |
| BOND COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Danville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that, while he was a pretrial detainee in the Bond County Jail for four months, he was denied medical treatment for Hepatitis C, and he was subjected to unsanitary and unhealthy conditions, including raw sewage, standing water and black mold, which made him ill.[1] Plaintiff contends that the State of Illinois and Bond County "created a[n] unwritten policy[,] practice[,] procedure and custom by tacit agreement" to treat pretrial detainees with deliberate indifference.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

---

[1] The complaint also contains allegations that Plaintiff has been denied medical treatment at Danville Correctional Center, and that he pleaded guilty only to get out of the Bond County Jail. Those issues are not presented as claims and, therefore, will not be addressed by the Court.

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** The Bond County Sheriff and Chief Deputy Sheriff denied Plaintiff medical treatment for Hepatitis C, in violation of the Fourteenth Amendment;
>
> **Count 2:** Plaintiff was denied medical treatment for Hepatitis C due to a custom, policy or practice of the State of Illinois and Bond County, Illinois, in violation of the Fourteenth Amendment;
>
> **Count 3:** The Bond County Sheriff and Chief Deputy Sheriff subjected Plaintiff to unsanitary and unhealthy conditions of confinement that made him ill, in violation of the Fourteenth Amendment; and
>
> **Count 4:** Plaintiff was subjected to unsanitary and unhealthy conditions of confinement due to a custom, policy or practice of the State of Illinois and Bond County, Illinois, in violation of the Fourteenth Amendment.

### 1. Discussion

Plaintiff Andrews was a pretrial detainee during the time he was housed in the Bond County Jail. Therefore, his claims arise under the Due Process Clause of the Fourteenth Amendment. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Eighth Amendment case law can also generally be used in evaluating such Fourteenth Amendment claims. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012). Jail officials violate the Eighth Amendment (and Fourteenth Amendment) if they are deliberately indifferent to adverse conditions that deny "the minimal civilized measure of life's necessities," including sanitation and medical care. *Farmer v. Brennan,* 511 U.S. 825, 834-35 (1994). Thus, Plaintiff's claims generally raise colorable constitutional claims, but the pleadings beg further analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). However, in *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978), the Supreme Court concluded that municipalities may be held directly liable under Section 1983 for official policies or customs that result in constitutional deprivations. Nevertheless, the Eleventh Amendment prohibits an individual from suing a state in federal court. *Sanders v. Sheahan,* 198 F.3d 626, 630 (7th Cir. 1999) (citing *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997)). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Furthermore, "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). With these principles in mind, the viability of the named defendants will be analyzed.

**The State of Illinois**

It is alleged that the State of Illinois, along with Bond County, "created a[n] unwritten policy[,] practice[,] procedure and custom by tacit agreement" to treat pretrial detainees with deliberate indifference. This bare allegation does not satisfy the *Twombly* pleading standards. Moreover, the Eleventh Amendment bars this claim. Therefore, the State of Illinois shall be dismissed from this action with prejudice.

**The Bond County Jail**

The complaint does not contain any allegations specific to the Bond County Jail. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Furthermore, county agencies and departments—such as the Bond

County Jail—are not proper defendants under Section 1983. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Therefore, the Bond County Jail shall be dismissed with prejudice.

**Bond County**

Under *Monell*, municipalities—such as Bond County—may be held directly liable under Section 1983 for official policies or customs that result in constitutional deprivations. Three forms of unconstitutional policies or customs are recognized in this context:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) (quoting *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003) (quotation and citation omitted)).

The complaint asserts that Bond County "created a[n] unwritten policy[,] practice[,] procedure and custom by tacit agreement" to treat pretrial detainees with deliberate indifference. This bare allegation does not satisfy the *Twombly* pleading standards. Also, in Illinois a sheriff is not considered a county policy maker, so a county may not be held liable under Section 1983 for a sheriff's misconduct; the same would hold true for a deputy sheriff. *See Carver v. Sheriff of LaSalle County, Illinois*, 243 F.3d 379, 381 (7th Cir. 2001); *Thompson v. Duke*, 882 F.2d 1180 (7th Cir.1989). The County's connection is too sketchy. For these reasons, the complaint, as drafted, fails to state a colorable claim against Bond County.

**The Sheriff and Deputy Sheriff**

The complaint describes the Sheriff and Deputy Sheriff as being deliberately indifferent to Plaintiff's medical needs and the conditions of his confinement. However, there are no

allegations linking them to the alleged denial of care and the implied failure to cure the unsanitary conditions—no personal involvement, nor any specific policy or practice. Thus, the complaint's bald assertion of deliberate indifference fails to adequately plead an individual capacity or official capacity claim. Consequently, all claims against the Sheriff and Deputy Sheriff fail under *Twombly* and shall be dismissed without prejudice.

**Severance**

Although none of the counts in the complaint can proceed as pleaded, and the State of Illinois and the Bond County Jail are dismissed as defendants (with prejudice), if properly re-pleaded, Counts 1-4 could proceed. However, Counts 1 and 2 regarding medical care cannot proceed together in the same action with Counts 3 and 4 regarding the conditions of confinement.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). The medical claims in Counts 1 and 2 are unrelated to the conditions of confinement claims. Any sort of overarching policy or deliberate indifference regarding detainees is too thin a thread to tie the two types of claims together.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Counts 3 and 4 of Plaintiff's complaint, and shall open a new case with a newly-assigned case number for those claims. However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on those claims or incur the additional filing fee.

## 2. Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate order. The Court is awaiting a copy of Plaintiff's trust fund statement from Danville Correctional Center.

Plaintiff has moved for appointment of counsel (Doc. 3). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola,* No. 12–1182, —— F.3d ——, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar,* 2013 WL at * (quoting *Pruitt,* 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt,* 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

The Court will assume that Plaintiff is financially unable to retain counsel. Plaintiff asserts that he has attempted to secure representation, but no one has responded yet. He does not attach any documentary support for that assertion. In any event, the complaint demonstrates that

Plaintiff can adequately convey his claims, with citation to legal authority and principles. Therefore, the Court is confident that Plaintiff is capable of drafting amended complaints that can pass muster—assuming the claims he wants to plead fit within the legal parameters discussed in this order. There is also nothing to suggest that Plaintiff cannot adequately litigate this matter through trial. Of course, the Court will remain open to recruiting counsel as the case progresses. Consequently, Plaintiff's motion for counsel (Doc. 3) shall be denied.

### 3. Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendants **STATE OF ILLINOIS** and **BOND COUNTY JAIL** are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's conditions of confinement claims (**COUNTS 3 and 4**), which are unrelated to the medical care claims in Counts 1 and 2, are **SEVERED** into a new case. That new case presents the following claims:

(Count 3): The Bond County Sheriff and Chief Deputy Sheriff subjected Plaintiff to unsanitary and unhealthy conditions of confinement that made him ill, in violation of the Fourteenth Amendment; and

(Count 4): Plaintiff was subjected to unsanitary and unhealthy conditions of confinement due to a custom, policy or practice of Bond County, Illinois, in violation of the Fourteenth Amendment.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order

(2) The Original Complaint (Doc. 1)

(3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

(4) The motion for recruitment of counsel (Doc. 3) (now terminated)

**IT IS FURTHER ORDERED** that, for the reasons stated, Defendants **BOND COUNTY SHERIFF**, **DEPUTY SHERIFF** and **BOND COUNTY** are **DISMISSED** without prejudice from the newly severed action, and with leave to amend.

**IT IS HEREBY ORDERED** that on or before August 26, 2013, Plaintiff shall file an amended complaint in the newly opened case. The amended complaint will be subject to review under 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing on or before August 26, 2013. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $400.00 filing fee** in the new case ($350.00 if he is granted pauper status). Service shall not be ordered on any Defendant until after the deadline for Plaintiff's response, and until a viable amended complaint is filed.

**IT IS FURTHER ORDERED** that the only claims remaining in this action (No. 13-cv-00593-JPG) are:

> Count 1: The Bond County Sheriff and Chief Deputy Sheriff denied Plaintiff medical treatment for Hepatitis C, in violation of the Fourteenth Amendment; and
>
> Count 2: Plaintiff was denied medical treatment for Hepatitis C due to a custom, policy or practice of Bond County, Illinois, in violation of the Fourteenth Amendment

This case shall now be captioned as: Corey Andrews, Plaintiff v. Bond County Sheriff, Deputy Sheriff, and Bond County, Defendants.

**IT IS FURTHER ORDERED** that, for the reasons stated, Defendants **BOND COUNTY SHERIFF**, **DEPUTY SHERIFF** and **BOND COUNTY** are **DISMISSED** without prejudice from the present action, and with leave to amend.

**IT IS HEREBY ORDERED** that on or before August 26, 2013, Plaintiff shall file an amended complaint. The amended complaint will be subject to review under 28 U.S.C. § 1915A. Service shall not be ordered on any Defendant until a viable amended complaint is filed.

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED**. This ruling is **equally applicable to both the present case and the newly opened case.**

IT IS SO ORDERED.

DATED: July 24, 2013

                                                  s/ J. PHIL GILBERT
                                                  **United States District Judge**