IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY ANDREWS, # B25116, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00593-JPG |
| ) | |
| JEFFREY J. BROWN, ) | |
| DR. VIPIN SHAH, and ) | |
| TONYA LEE HILL, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Corey Andrews, currently incarcerated at Graham Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that, while he was a pretrial detainee in the Bond County Jail for four months, he was denied medical treatment for Hepatitis C. Andrews' initial complaint (Doc. 1) was dismissed without prejudice (*see* Doc. 9); his amended complaint (Doc. 20) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Between January and May, 2013, Plaintiff Andrews was a pretrial detainee housed in the Bond County Jail. Upon arrival, Plaintiff underwent a medical screening, at which time he was told by Nurse Tonya Lee Hill that his Hepatitis C would not be treated by the doctor at the jail, because Plaintiff was there on "temporary placement"—presumably referring to the fact that Plaintiff was actually in federal custody (*see* Doc. 20, p. 13).

Dr. Vipin Shah subsequently confirmed that he would not offer Plaintiff any treatment or monitoring. Even when Plaintiff complained of pain, stomach problems, diarrhea, constipation and dark stools, Dr. Shah denied him treatment.

Plaintiff wrote letters and grievances to Sheriff Jeffrey J. Brown, complaining that he had been denied medical treatment for Hepatitis C (*see* Doc. 20, pp. 12-16). According to the amended complaint, Brown showed deliberate indifference toward Plaintiff's medical needs (*see* Doc. 20, p. 6).

Based on the allegations in the amended complaint and attached documentation, the Court finds it convenient to divide the *pro se* action into a single overarching count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

**Count 1:  Bond County Sheriff Jeffrey J. Brown, Dr. Vipin Shah and Nurse Tanya Lee Hill denied Plaintiff medical treatment for Hepatitis C, in violation of the Fourteenth Amendment.**

### Discussion

Between January and May, 2013, Plaintiff Andrews was a pretrial detainee housed in the Bond County Jail. Therefore, his claims arise under the Due Process Clause of the Fourteenth Amendment. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Eighth Amendment case law can also generally be used in evaluating such Fourteenth Amendment claims for all relevant purposes; the standards are interchangeable. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010). Jail officials violate the Eighth Amendment (and Fourteenth Amendment) if they are deliberately indifferent to adverse conditions that deny "the minimal civilized measure of life's necessities," including medical care. *Farmer v. Brennan,* 511 U.S. 825, 834-35 (1994). Prison officials

violate this proscription when they act with deliberate indifference to the serious medical needs of an inmate. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir.2010). The Court will assume that Hepatitis C and the pain and other symptoms Plaintiff complained about to Dr. Shah constitute serious medical conditions.

Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini,* 352 F.3d 328, 331(7th Cir. 2003); *Garvin v. Armstrong,* 236 F.3d 896,898 (7th Cir.2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques). However, blatantly inappropriate treatment, woefully inadequate action, or inaction can violate the Constitution. *See Reed v. McBride,* 178 F.3d 849, 854 (7th Cir. 1999). Similarly, erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may constitute deliberate indifference. *See Gayton,* 593 F.3d at 623; *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999).

**Sheriff Brown and Nurse Hill**

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A review of the amended complaint and supporting documents reveals that Nurse Hill and Sheriff Brown lack sufficient personal involvement.

According to the amended complaint, Plaintiff informed Nurse Hill of his diagnosis, and she merely informed Plaintiff of Dr. Shah's policy that those only temporarily placed at the jail would not be treated. It is not reasonable to infer deliberate indifference on Hill's part. It is not alleged that Plaintiff was seeking treatment from Nurse Hill; rather, Hill was gathering information on a new detainee (*see* Doc. 20, pp. 9-10 (Booking Questionnaire)). Therefore, Hill will be dismissed with prejudice.

Relative to Sheriff Brown, Plaintiff submits the job description for the sheriff, which assigns to the sheriff the custody and control of the county jail (Doc. 20, p. 17). The doctrine of *respondeat superior*, however, is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois,* 662 F.3d 866, 870 (7th Cir. 2011). For example, merely ruling against a prisoner's grievance does not cause or contribute to the underlying constitutional violation. *See George v. Smith*, 506 F.3d 605, 609-10 (7th Cir. 2007).

It appears that Plaintiff did send Sheriff Brown a grievance/letter stating, "I also have Hepatitis C virus but am being denied treatment for it." (Doc. 20, p. 12). While this may suffice for imputing knowledge to Sheriff Brown, there is nothing to reasonably suggest that Brown caused or contributed to Plaintiff not being treated. There is no link between Brown and Dr. Shah's policy. Therefore, Sheriff Jeffrey J. Brown will be dismissed with prejudice.

**Dr. Shah**

The amended complaint reflects that Dr. Shah had knowledge of Plaintiff's Hepatitis C and the pain and other symptoms, and he made the decision not to treat or monitor Plaintiff. Therefore, a colorable Fourteenth Amendment claim has been pleaded. Count 1 shall proceed against Dr. Shah.

## Disposition

**IT IS HEREBY ORDERED** that **JEFFREY J. BROWN** and **TONYA LEE HILL** are **DISMISSED** from this action with prejudice. As an administrative matter, the Clerk shall **TERMINATE JEFFRY BROWN** as a separate defendant to this action, as it is clear that Jeffrey J. Brown and Jeffry Brown are one and the same.

**IT IS FURTHER ORDERED** that **COUNT 1** against **DR. VIPIN SHAH** shall **PROCEED**.

The Clerk of Court shall prepare for Defendant **DR. VIPIN SHAH**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Shah no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as

directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 31, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**